# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHESTER M. ROTHMAN<br><br>Plaintiff,<br><br>v.<br><br>DR. AMER SYED, DR. SAQUIBA SYED, ALPINE MEDICAL GROUP LLC, ALPINE MEDICAL ASSOCIATES PC, ALPINE MEDICAL MANAGEMENT INC., ALPINE MEDICAL ASSOCIATES LLC, JANE/JOHN DOES 1-25, and RWJ BARNABAS HEALTH INC.,<br><br>Defendants. | Docket No.: 2:18-cv-14828<br><br>Civil Action<br><br>**NOTICE OF REMOVAL**<br>(*Federal Question Jurisdiction*) |

TO:   William T. Walsh, Clerk of Court
      United States District Court for the District of New Jersey
      50 Walnut Street
      Newark, New Jersey 07101

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, and with a full reservation of any and all rights, claims, objections and defenses, Defendant RWJBarnabas Health Inc. ("Defendant") hereby removes this action from the Superior Court of New Jersey, Law Division, Hudson County ("Superior Court") to the United States District Court for the District of New Jersey. As its reasons for removal, the Defendant respectfully states as follows:

## THE REMOVED CASE

1.      On August 28, 2018, Plaintiff Chester M. Rothman commenced a civil action in the Superior Court captioned *Chester M. Rothman v. Dr. Amer Syed, Dr. Saquiba Syed, Alpine Medical Group LLC, Alpine Medical Associates PC, Alpine Medical Management Inc., Alpine Medical Associates LLC, Jane/John Does 1-25, and RWJ Barnabas Health Inc.*, Docket No. HUD-L-003434-18 ("State Court Action"). As required by 28 U.S.C. § 1446(a), true and complete copies of all process, pleadings, orders, and other papers and exhibits filed in the State Court Action, as of the date of this Notice of Removal, are attached hereto as Exhibit A.

2.      Plaintiff's seventeen-count Complaint alleges several violations of the Telephone Consumer Protection Act ("TCPA"), 28 U.S.C. § 227 *et seq.*, and 47 C.F.R. § 64.1200 (Counts 1-13), as well as related state law causes of action (Counts 14-17).

3.      Defendant received Plaintiff's Complaint on September 13, 2018. Because this Notice of Removal is being filed on October 10, 2018—within thirty days of the Defendant's first notice of the State Court Action—this Notice of Removal is timely. *See* 28 U.S.C. § 1446(b)(1).

4.      Pursuant to 28 U.S.C. § 1446(b)(2)(A), all other named defendants, whom are represented by Barry A. Kozyra, Esq., join in and consent to the removal

of the State Court Action to this Court.  *See* Certification of Barry A. Kozyra, Esq., attached hereto as Exhibit B.

5.      As the State Court Action was initiated in Hudson County, New Jersey, this Court is the appropriate venue for removal of the State Court Action because the District of New Jersey "embrac[es] the place where the [State Court Action] is pending." 28 U.S.C. § 1441(a).

## FEDERAL QUESTION JURISDICTION

6.      The State Court Action is a civil action that presents federal questions of law.  Plaintiff's Complaint purports to assert thirteen counts that arise under the laws of the United States, specifically, the TCPA, a federal statute, and 47 C.F.R. § 64.1200, a federal regulation issued by the Federal Communications Commission.  As such, this Court possesses subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331, which provides, in pertinent part, that the federal district courts "shall have original jurisdiction of all civil actions arising under the . . . laws . . . of the United States."  *See also Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 376 (2012) ("We now hold that Congress did not deprive federal courts of federal-question jurisdiction over private TCPA suits.").  Because the law allows for the removal of "[a]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction," 28 U.S.C. § 1441(a), the removal of the State Court Action to this Court is, therefore, proper.

## SUPPLEMENTAL JURISDICTION

7. This Court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within [the Court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The exercise of supplemental jurisdiction is proper if the causes of action in question "derive from a common nucleus of operative fact" such that the plaintiff "would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers of Amer. v. Gibbs*, 383 U.S. 715, 725 (1966).

8. The Fourteenth Count of Plaintiff's Complaint alleges violations of the "New Jersey Do Not Call Law." The Fifteenth, Sixteenth, and Seventeenth Counts of Plaintiff's Complaint allege state law tort claims, specifically, negligent supervision, resulting from the corporate defendants' alleged failure to properly supervise their employees with respect to the specific TCPA violations Plaintiff claims have been committed. The above-mentioned state law claims thus arise directly out of the same "common nucleus of operative facts" as Plaintiff's TCPA claims. As such, the Court possesses supplemental jurisdiction over those claims, and their removal to this Court is, therefore, proper.

9. Pursuant to 28 U.S.C. § 1446(d), Defendant will provide the Plaintiff with written notice of this Notice of Removal promptly after the filing of this Notice,

and a copy of this Notice of Removal will be filed concurrently with the Superior Court.

**WHEREFORE**, Defendant RWJBarnabas Health Inc., respectfully requests that the Plaintiff's action be removed from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. HUD-L-3434-18, and that this Court assume full jurisdiction over this case as provided by applicable law.

        Respectfully Submitted,

        **BRESSLER, AMERY & ROSS, P.C.**
        Attorneys for Defendant
        RWJBarnabas Health, Inc.

Dated: October 10, 2018    By:   s/ MaryJane Dobbs
                                        MaryJane Dobbs, Esq.
                                        Benjamin J. DiLorenzo, Esq.
                                        Christopher G. Salloum, Esq.
                                        325 Columbia Turnpike
                                        Florham Park, New Jersey 07932
                                        P.O. Box 1980
                                        Morristown, New Jersey 07962
                                        Telephone: (973) 514-1200
                                        Facsimile: (973) 514-1660
                                        mjdobbs@bressler.com
                                        bjdilorenzo@bressler.com
                                        csalloum@bressler.com

## **CERTIFICATION OF SERVICE**

I hereby certify that on this date, the foregoing Notice of Removal was filed electronically through the ECF system, is available for viewing and downloading from the ECF system, and will be sent via federal express overnight delivery to the following:

Chester Rothman
366 West Side Avenue, Unit 4B
Jersey City, New Jersey 07305
*Pro Se* Plaintiff

I further certify that, pursuant to 28 U.S.C. § 1446(d), a copy of the foregoing Notice of Removal will be promptly filed electronically with the Superior Court of New Jersey, Law Division, Hudson County.

Dated: October 10, 2018            By:    s/ MaryJane Dobbs